**Michael Fuller, OSB No. 09357**
OlsenDaines
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-743-7000

**Kelly D. Jones, OSB No. 074217**
The Law Office of Kelly Jones

**Mark Geragos, Pro Hac Pending**
**Ben Meiselas, Pro Hac Pending**
**Lori Feldman, Pro Hac Pending**
Geragos & Geragos

Of Attorneys for Ms. Spencer

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MARIEL SPENCER**, individually and on behalf of other customers, | Case No. 3:18-cv-1252 |
| Plaintiff, | **CLASS ACTION ALLEGATION COMPLAINT** |
| v. | Unlawful Trade Practices |
| **INTERNATIONAL DAIRY QUEEN, INC.**, | Unjust Enrichment |
| Defendant. | Demand for Jury Trial |

1.

## INTRODUCTION

Mariel Spencer files this national class action on behalf of thousands of other Dairy Queen mobile app customers who were lured into a Dairy Queen based solely on the false promise of a free, delicious Blizzard ice cream treat. Under the law, Ms. Spencer and other mobile app customers ripped off by Dairy Queen's bait-and-switch are entitled to a gift card for at least five free Blizzards per person.

2.

Dairy Queen is a billion-dollar subsidiary corporation of Warren Buffett's Berkshire Hathaway Inc. Dairy Queen understands that the fast-food industry involves tight profit margins and high sales volumes. Dairy Queen understands that it's profitable to generate traffic to its locations based on the promise of a free Blizzard, regardless of whether its locations intend to honor its promise. Dairy Queen understands that the law does not permit it to bait-and-switch its customers but continues to do so anyway, even after receiving hundreds of customer complaints through its mobile app.

3.

Customers who fell prey to Dairy Queen's bait-and-switch can sign up to join the class action at [DairyQueenCustomers.com](DairyQueenCustomers.com).

4.

## JURISDICTION AND THE PARTIES

This Court has jurisdiction under 28 U.S.C. § 1332 because the compensation and penalties sought in this case exceed $5 million, and because Ms. Spencer is a citizen of Oregon and Dairy Queen is a citizen of Delaware.

5.

Defendant International Dairy Queen, Inc. (Dairy Queen) is a Delaware corporation and a "person" as defined at ORS 646.605(4) that regularly advertises delicious Blizzard ice cream treats to customers through its mobile app.

6.

Plaintiff Mariel Spencer (Ms. Spencer) is an Oregon citizen and a Dairy Queen mobile app user and a "person" as defined at ORS 646.605(4) who bought a Blizzard at her local Dairy Queen location for personal consumption in June 2018 in response to Dairy Queen's mobile app advertisement.

7.

Venue is proper under 28 U.S.C. § 1391 because Dairy Queen advertised a free Blizzard to Ms. Spencer on its mobile app while she was a resident of the Portland, Oregon area.

8.

## FACTUAL ALLEGATIONS

In 2018, Dairy Queen advertised a mobile app to its customers, in an effort to increase profits and generate traffic to its various locations. Dairy Queen's mobile app advertised that if customers traveled to certain participating Dairy Queen locations, they could purchase a Blizzard at no cost.




9.

In or around June 2018, Dairy Queen advertised to Ms. Spencer on its mobile app that she could visit her local Dairy Queen location in Banks, Oregon and purchase a Blizzard at no cost.

 

10.

In response to Dairy Queen's advertisement of a free Blizzard, Ms. Spencer traveled to the Dairy Queen location in Banks, Oregon. She showed her mobile app screen to the cashier as Dairy Queen instructed and she followed all other terms and conditions necessary to receive her free Blizzard. However, after ordering, her local Dairy Queen location refused to provide her a Blizzard free of cost. Dairy Queen's false advertisement on its mobile app caused Ms. Spencer the loss of the money charged to her for a full-price Blizzard.

11.

Investigation into Dairy Queen's practices revealed that Ms. Spencer was not alone. Hundreds of other customers have left comments complaining of Dairy Queen's false "free" Blizzard advertisement.

https://play.google.com/store/apps/details?id=com.olo.dairyqueen.production&hl=en_US&showAllReviews=true



BIL Schmitz
★★★★★ June 22, 2018
Free small blizzard is a scam. Let's you redeem even when most locations don't. Deleting app and going to BaskinRobins and spending money there. What a waste of time and looking like an idiot.

International Dairy Queen® June 29, 2018
Thank you for sharing your feedback, we're sorry to hear you have been disappointed. We are working diligently with our independent franchisees to ensure participation our mobile app and provide fans with an enjoyable experience. If you have not already, please reach out to our Fan relations team at https://m.dq.com/ContactUs.


**Aaron Bertram**
★ ☆ ☆ ☆ ☆  June 30, 2018

Despite numerous claims that most places accept these - it's not true. Most places do not. And, you can't depend on them listing themselves as accepting mobile deals - my local store showed in the app and the app said they accept the deal, but they don't. Waste of time, absolute nightmare of an ...

Full Review


**Traci Signer**
★ ☆ ☆ ☆ ☆  June 21, 2018

7

Not all stores accept coupons from app. 2 stores in my area and neither of them would accept. Basically useless to me.

**International Dairy Queen®** June 29, 2018
Thank you for sharing your feedback, we're sorry to hear you have been disappointed. We are working diligently with our independent franchisees to ensure participation our mobile app and provide fans with an enjoyable experience. If you have not already, please reach out to our Fan relations team at https://m.dq.com/ContactUs.


**Jen Ahwesh**
★ ☆ ☆ ☆ ☆  June 29, 2018

Local dq won't honor any of the deals on this app so not sure if it's purpose

**International Dairy Queen®** June 29, 2018
Thank you for sharing your feedback, we're sorry to hear you have been disappointed. We are working diligently with our independent franchisees to ensure participation our mobile app and provide fans with an enjoyable experience. If you have not already, please reach out to our Fan relations team at https://m.dq.com/ContactUs.


**Kevin Fratzke**
★ ☆ ☆ ☆ ☆  June 23, 2018

2

Read every other review, no location accepts the app coupon. Don't waste phone space on this app!

**International Dairy Queen®** June 29, 2018
Thank you for sharing your feedback, we're sorry to hear you have been disappointed. We are working diligently with our independent franchisees to ensure participation our mobile app and provide fans with an enjoyable experience. If you have not already, please reach out to our Fan relations team at https://m.dq.com/ContactUs.


**A Google user**
★ ☆ ☆ ☆ ☆  June 24, 2018

NORTH LIBERTY DQ LOCATION DOES NOT ACCEPT APP COUPONS - DO NOT GO TO DAIRY QUEEN!

> **International Dairy Queen®** June 29, 2018
>
> Thank you for sharing your feedback, we're sorry to hear you have been disappointed. We are working diligently with our independent franchisees to ensure participation our mobile app and provide fans with an enjoyable experience. If you have not already, please reach out to our Fan relations team at https://m.dq.com/ContactUs.


**Julie Brown**
★ ☆ ☆ ☆ ☆  June 25, 2018

None of the 3 DQs in my area accept it, waste of space--deleting it.

> **International Dairy Queen®** June 29, 2018
>
> Thank you for sharing your feedback, we're sorry to hear you have been disappointed. We are working diligently with our independent franchisees to ensure participation our mobile app and provide fans with an enjoyable experience. If you have not already, please reach out to our Fan relations team at https://m.dq.com/ContactUs.


**Casey Vinsant**
★ ☆ ☆ ☆ ☆  June 18, 2018     👍 13

I tried redeeming a deal on the app at my location and they said they don't take digital coupons. Why would they be a listed location if they can't use the coupon? Now, it's been completely wasted because I can't pick a different location and it expires in 15 minutes.

> **International Dairy Queen®** June 29, 2018
>
> Thank you for sharing your feedback, we're sorry to hear you have been disappointed. We are working diligently with our independent franchisees to ensure participation our mobile app and provide fans with an enjoyable experience. If you have not already, please reach out to our Fan relations team at https://m.dq.com/ContactUs.


**Alan B**
★ ☆ ☆ ☆ ☆  July 2, 2018

Disappointed. I never got my free Blizzard as promised and every message I get advertising deals doesn't give me the bar code.



**A Google user**
★ ☆ ☆ ☆ ☆  June 22, 2018

None of the stores in my area support the App, and there are 3 in my area. The app does not benefit me, and the only way to cancel is to contact them. I wouldn't waste my time unless you know for sure your local DQ supports the APP.

**International Dairy Queen®** June 29, 2018
Thank you for sharing your feedback, we're sorry to hear you have been disappointed. We are working diligently with our independent franchisees to ensure participation our mobile app and provide fans with an enjoyable experience. If you have not already, please reach out to our Fan relations team at https://m.dq.com/ContactUs.



**Peter Jimenez**
★ ☆ ☆ ☆ ☆  June 22, 2018

I went to the Dairy Queen location at 6903 J.F. Kennedy Blvd, North Bergen, NJ. The App incorrectly listed this location as accepting Mobile Deals. When I went there I pressed the button to redeemed the free Blizzard and then I was told that they do not accept coupons. There is even a sign stati…

Full Review

**International Dairy Queen®** June 29, 2018
Thank you for sharing your feedback, we're sorry to hear you have been disappointed. We are working diligently with our independent franchisees to ensure participation our mobile app and provide fans with an enjoyable experience. If you have not already, please reach out to our Fan relations team at https://m.dq.com/ContactUs.

12.

As explained below, Dairy Queen's false advertisement of a free Blizzard on its mobile app violated Oregon's Unlawful Trade Practices Act in several ways.

13.

Dairy Queen violated Oregon's Unlawful Trade Practices Act (ORS 646.608(1)(b)) by causing the likelihood of confusion and misunderstanding as to the source of its mobile app as a payment method for a Blizzard at no cost, and as to the approval for use of its mobile app at Oregon Dairy Queen locations, and as to the locations' sponsorship and approval of its mobile app.

14.

Dairy Queen violated Oregon's Unlawful Trade Practices Act (ORS 646.608(1)(c)) by causing the likelihood of confusion and misunderstanding as to Dairy Queen's affiliation and association with Oregon Dairy Queen locations, and the locations' certification of its mobile app as a valid payment source for a free Blizzard.

15.

Dairy Queen violated Oregon's Unlawful Trade Practices Act (ORS 646.608(1)(e)) by representing that it had approval from Oregon Dairy Queen locations that free Blizzards would be provided using its mobile app when in fact many Oregon Dairy Queen locations had not approved of the mobile app advertisement.

16.

Dairy Queen violated Oregon's Unlawful Trade Practices Act (ORS 646.608(1)(i)) by advertising Blizzards as having no cost, with the intent that Blizzards would not be provided at no cost.

17.

Dairy Queen violated Oregon's Unlawful Trade Practices Act (ORS 646.608(1)(j)) by falsely representing the existence of a price reduction of Blizzards through use of its mobile app at Oregon Dairy Queen locations.

18.

Dairy Queen violated Oregon's Unlawful Trade Practices Act (ORS 646.608(1)(p)) by making false and misleading statements in its mobile app about its promotion used to publicize its Blizzards.

19.

Dairy Queen violated Oregon's Unlawful Trade Practices Act (ORS 646.608(1)(s)) by making false and misleading representations about the cost customers would pay for Blizzards using its mobile app.

20.

Dairy Queen's violations of Oregon's Unlawful Trade Practices Act above were willful and reckless because even after receiving hundreds of complaints, Dairy Queen continued to falsely advertise that Oregon customers could purchase Blizzards for no cost using its mobile app. As a result of Dairy Queen's violations of Oregon's Unlawful Trade Practices Act as alleged above, Ms. Spencer and hundreds of other Oregon customers suffered ascertainable losses of the money they paid to purchase a delicious Blizzard ice cream treat that should have been free, and of the transportation costs and other resources each of them expended to travel to a Dairy Queen location that they otherwise would not have expended had Dairy Queen not lured them in with the false promise of a free Blizzard.

21.

## CLASS ACTION ALLEGATIONS

Under FRCP 23, Ms. Spencer brings this action on behalf of herself and all other similarly situated Oregon Dairy Queen customers. The class is initially defined as:

a) Oregon Dairy Queen customers who,

b) after January 1, 2018, downloaded Dairy Queen's mobile app, and

c) solely in response to an advertisement by Dairy Queen on its mobile app of a free Blizzard,

d) traveled to a Dairy Queen location provided by the mobile app and

e) otherwise followed all other terms and conditions necessary to receive a free Blizzard, and

f) suffered ascertainable losses of the money paid to purchase a Blizzard that should have been free, or of the transportation costs and other resources expended to travel to a Dairy Queen location they otherwise would not have expended had Dairy Queen not lured them in with the false promise of a free Blizzard.

22.

A class action is proper under FRCP 23(a) because based on the number of Dairy Queen locations in Oregon and the number of complaints received on Dairy Queen's mobile app, the class consists of hundreds of individual Oregon customers, and joinder of all members is impracticable. Each class member is identifiable based on Dairy Queen's mobile app records, Dairy Queen's receipts, Dairy Queen's credit card transactions, and based on independently submitted claim forms. Excluded from the class are all attorneys for the class, executives of Dairy Queen, any judge who sits on the case, and all jurors and alternate jurors who sit on the case.

23.

This action can be maintained as a class action under FRCP 23(a) and (b) because there are questions of law and fact common to the class members, which predominate over any questions relating to individual class members, including but not limited to:

a) Whether Dairy Queen caused the likelihood of confusion and misunderstanding as to the source of its mobile app as a payment method for a Blizzard at no cost, and as to the approval for use of its app by Oregon Dairy Queen locations,

b) Whether Dairy Queen caused the likelihood of confusion and misunderstanding as to its affiliation and association with

Oregon Dairy Queen locations and the locations' certification of its mobile app as a valid payment source for a free Blizzard,

c) Whether Dairy Queen falsely represented that it had approval from Oregon Dairy Queen locations that free Blizzards would be provided using its mobile app,

d) Whether Dairy Queen advertised Blizzards as having no cost, with the intent that Blizzards would not be provided at no cost,

e) Whether Dairy Queen falsely represented the existence of a price reduction of Blizzards through use of its mobile app at Oregon Dairy Queen locations,

f) Whether Dairy Queen made false and misleading statements in its mobile app about its promotion used to publicize Blizzards,

g) Whether Dairy Queen made false and misleading representations about the cost customers would pay for Blizzards using its mobile app,

h) Whether Dairy Queen behaved willfully, recklessly or maliciously, whether Dairy Queen's behavior as alleged in this complaint violated Oregon's Unlawful Trade Practices Act, and whether under Oregon law, Dairy Queen should be able to retain the money wrongfully charged to customers for Blizzards that were advertised for free.

24.

Ms. Spencer's claims are typical of the claims of the class members, as they are based on the same factual circumstances, common representations, common omissions, and legal theories. Ms. Spencer has no interests adverse to the class members. Ms. Spencer will fairly and adequately represent and protect the interests of the members of the class. Ms. Spencer has retained nationally known and locally respected counsel experienced in class action litigation to further ensure such representation and protection of the class. Ms. Spencer and her counsel intend to prosecute this action vigorously and have the resources necessary to successfully try this case to judgment.

25.

A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Absent class-wide adjudication, members of the class are without effective recourse. Few, if any, class members can afford to prosecute individual actions against Dairy Queen, especially in light of the Blizzard cost at issue. Absent class treatment, Dairy Queen's alleged wrongdoing would go unabated, and no class member would be afforded the opportunity to seek judicial relief, whether for themselves or for the public good generally.

26.

The nature of the fairly low cost of the product at issue (a delicious Blizzard ice cream treat) means that very few, if any class members will choose to litigate a claim on an individual basis. This case is only economically viable as a class action. A class action is appropriate under FRCP 23(b)(3) because the questions of law and fact regarding the nature and legality of Dairy Queen's behavior as alleged in this complaint predominate over any questions affecting only individual class members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy, for the following reasons:

a) The prosecution of separate actions creates a risk of inconsistent or varying rulings,
b) The common questions of law and fact described above predominate over questions affecting only individual members,
c) Individual class members would have little interest in controlling the prosecution of separate actions due to the nature of the delicious Blizzard ice cream treat at issue and because of the expenses of litigation, and
d) A class action will be an efficient method of adjudicating the claims of the class members.

27.

## CLAIMS FOR RELIEF

– Claim 1 for Violation of the UTPA –

Dairy Queen's behavior as alleged in this complaint willfully and recklessly violated Oregon's Unlawful Trade Practices Act, including ORS 646.608(1)(b),(c),(e) (i), (j), (p), and (s). Dairy Queen's behavior was reckless, in pursuit of profit, and constituted a wanton, outrageous and oppressive violation of the rights of Ms. Spencer and the putative class members to be free from unlawful trade practices. As a result of Dairy Queen's violation of Oregon's Unlawful Trade Practices Act as alleged above, Ms. Spencer and all other similarly situated individual customers are entitled to statutory damages, punitive damages, and reimbursed litigation expenses, fees and costs under ORS 646.638.

28.

– Claim 2 for Unjust Enrichment –

As a matter of justice and equity, Dairy Queen should not be able to retain the profits it gained from Ms. Spencer and the putative class under these circumstances. Ms. Spencer and the putative class are entitled to restitution based on Dairy Queen's unjust enrichment as alleged in this complaint.

29.

Demand for jury trial.

30.

## PRAYER FOR RELIEF

Ms. Spencer seeks relief as follows:

**A.** An order that Dairy Queen violated Oregon's Unlawful Trade Practices Act,

**B.** A judgment against Dairy Queen for the monetary value of at least five Blizzards per class member,

**C.** Reimbursement of litigation expenses, fees and costs, and

**D.** For any other relief this Court may determine is fair and proper.

July 13, 2018

                                              **RESPECTFULLY FILED,**

                                              s/ Michael Fuller
**Michael Fuller, OSB No. 09357**
Lead Trial Attorney for Ms. Spencer
OlsenDaines
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-743-7000

# PROOF OF MAILING

I declare and certify that on the date below I caused a copy of this complaint to be mailed to the following:

**Ellen Rosenblum**
**Oregon Attorney General**
**Oregon Department of Justice**
**1162 Court Street NE**
**Salem, Oregon 97301-4096**

July 13, 2018

<pre>                                        s/ Michael Fuller          </pre>
**Michael Fuller, OSB No. 09357**
Lead Trial Attorney for Ms. Spencer
OlsenDaines
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-743-7000